JAMES W. THOMPSON ET AL. V. JAMES E. CAMPBELL.

FILED JANUARY 17, 1895. No. 5715.

Appeal From County Court: RULINGS ON PLEADINGS: RE-
VIEW. Where a petition was filed in the district court in a
cause appealed from the county court, it was erroneous to over-
rule a demurrer to such petition for the sole reason that the
question presented by the demurrer had not been urged or relied
upon in the inferior court.

ERROR from the district court of Sarpy county. Tried
below before SCOTT, J.

*George A. Magney* and *James Hassett,* for plaintiffs in
error.

*C. L. Hover, contra.*

RYAN, C.

This action was begun in the county court of Sarpy
county. In the bill of particulars it was alleged that de-
fendant Thompson had been elected county clerk of said
county, and thereupon had given a bond conditioned as
required by law, with the defendants S. B. Knapp and G.
Swayze as his sureties; that, as such clerk, Thompson
afterwards collected and received fees belonging to plaintiff
in the sum of $74.47, which he had failed and refused to
pay. There was a prayer in the bill of particulars for a
judgment in the sum above named. By motion the de-
fendants asked that plaintiff should be required to make
more definite and certain his bill of particulars by showing
therein when the defendant received the fees for the recov-
ery of which this suit has been brought. This motion was
overruled, and an exception was duly taken. There was a
judgment for the amount of plaintiff's claim in the county
court, from which an appeal was duly taken.

On the 4th day of April, 1892, there was filed in the district court of Sarpy county, in this cause, a petition which differed from the originally filed bill of particulars chiefly in the statements that the fees sought to be recovered were collected in thirteen distinct amounts, described as having been paid at stated times on and between the 4th day of March, 1880, and the 3d day of October, 1881. There was a prayer for judgment for the sum of $69.42, the aggregate amount of the above mentioned payments, with interest thereon at the rate of seven per cent per annum from January, 1882. To this petition there was a demurrer, "for the reason that the petition does not state facts sufficient to constitute a cause of action." The record before us contains the following language: "This cause came on to be heard upon the demurrer of defendants, and it appearing to the court that the defendants were present at the trial of this cause in the court below, and trial was had on the merits of the case, and that defendants did not claim relief under the statute of limitations, and that limitation was not at issue in the lower court, and the court being advised in the premises, overruled said demurrer, to which ruling of the court the defendant excepts, and the defendant in open court having elected to stand on his demurrer, and refusing to prosecute his appeal, the judgment of the lower court is affirmed." Following the above recitations there was rendered a judgment against the defendants for the sum of $119.38 and costs.

The petition in error raises but one question, and that is as to the ruling upon the demurrer above recited. It is difficult to imagine what particular facts were relied upon by the district court as proper to be considered in connection with the pleading assailed by the demurrer. It could not have been that by failing to demur in the county court the defendants were deemed to have waived the right to demur in the district court, for in the practice governing justices of the peace a demurrer has no place. (*Miller v.*

*Mesick*, 15 Neb., 646.) No inference could properly arise
against the defendants by reason of their failure to answer
in the county court, for in cases triable as by a justice of
the peace there is no requirement that the defendant an-
swer, except where there is claimed a set-off and plaint-
iff demands that descriptive of such set-off a bill of par-
ticulars be filed by defendant. (Code, sec. 951.) As has
already been made to appear, the defendants' motion to re-
quire plaintiff to state in his bill of particulars at what
time Thompson received the fees sued for was overruled.
We do not undertake to say that in this there was error,
for we have not that question presented. If this motion
had been sustained, the bill of particulars presumably
would have shown when each cause of action arose. In
that event the question whether or not the statute of limi-
tations had barred plaintiff's right of action when this suit
was begun could properly have been raised. From the rec-
ord of the proceedings in the county court it does not ap-
pear that the right to insist upon the bar of the statute was
waived; indeed, a contrary intent might possibly be inferred
from the motion just mentioned. There was no showing
in the district court as to the evidence introduced in the
county court, and even if proof of such evidence had been
tendered, it could not have been received or considered on
a demurrer to the petition. There are doubtless cases in
which, by reason of departure from the issues tried in the
inferior court, a motion for proper relief should be sus-
tained. (*First Nat. Bank v. Carson*, 30 Neb., 104; *O'Leary
v. Iskey*, 12 Neb., 137; *Fuller v. Schroeder*, 20 Neb., 636.)
It is not desirable, however, to extend the operation of this
rule beyond cases in which it is made clearly to appear
that the issues tendered in the district court differ from
those originally presented and determined. In the case at
bar there appears to have been made no motion with a view
to conforming issues in the district court to those which,
before the appeal, had been tried. The demurrer did not

perform this office; indeed, by its very nature this was impossible, for a demurrer lies only when certain defects appear on the face of the pleading attacked. It is very evident from these considerations that the district court erred in overruling the demurrer of the defendants on the grounds assigned in the record. Its judgment is therefore

REVERSED.